[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs have filed a four-count complaint against the defendants in which they claim to have suffered injuries when an oak tree, allegedly in the care of the defendant City, fell onto their home. The defendant City of Ansonia (hereinafter "the defendant") has now filed a motion to strike the first and second counts of the complaint on the grounds that both counts are legally insufficient.
The first count alleges that the defendant breached its statutory duty under § 13-149. The defendant now argues that this count is legally insufficient because the plaintiffs have not alleged that they were travelers on a public highway and thus cannot state a cause of action under § 13a-149.
Under § 13a-149, recovery is permitted only by the injured traveler. See Sansone v. Board of Police Commissioners,219 Conn. 179, 199, 592 A.2d 912 (1991). Since the plaintiffs have not alleged that they were travelers, the first count is legally insufficient. See A.J.L. Enterprises v. City of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 110867 Superior Court, judicial district of Waterbury, Docket No. 110867 (February 23, 1995, McDonald, J.); Finelli v. Jaynes, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 258158 (April 23, 1993, Fuller, J.). The court, therefore, grants the motion to strike the first count.
In the second count, the plaintiffs allege that failure of the defendant to remedy the defective condition, the oak tree, constituted a nuisance. The defendant argues that this allegation fails to state a cause of action because the defendant is a CT Page 7778 municipality and thus may be only liable for a nuisance which it creates and maintains. Since the plaintiffs have failed to allege that the city acted in such a positive manner as to create the nuisance, the defendant argues the plaintiffs' second count is legally insufficient.
In is well-settled that "[l]iability in nuisance can be imposed on a municipality only if the condition constituting the nuisance was created by the positive act of the municipality. . . . Failure to remedy a dangerous condition not of the municipality's own making is not the equivalent of the required positive act." (Citations omitted.) Wright v. Brown,167 Conn. 464, 470, 356 A.2d 176 (1975). In the present case, the plaintiff's second count alleges that the defendant "neglected to remedy the said defect." As such, the complaint has not alleged a positive act on the part of the municipality, but only a failure to act. Since such an allegation is insufficient to impose liability in nuisance upon a municipality; Whitfield, PPA v. Townof Enfield, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 572428 (March 10, 1998, Teller, J.); the defendant's motion to strike the second count of the complaint is granted.
The court, accordingly, grants the defendant's motion to strike the first and second counts of the complaint.
The Court
Curran, J.